UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GARY E. SINGLETON,

    Petitioner,

v.                                     CAUSE NO. 3:18-CV-465-DRL-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Gary E. Singleton is a prisoner at the Indiana State Prison. Without a lawyer, he filed a habeas corpus petition challenging the prison disciplinary hearing where a disciplinary hearing officer (DHO) found him guilty of Destruction of State Property in violation of B-215 and sanctioned him with the loss of 60 days earned credit time on March 29, 2018, under case number ISP 18-03-422. ECF 1. He raises two grounds in his petition. *Id.* The Warden filed a response. ECF 7. Mr. Singleton did not file a traverse even though the court enlarged the deadline and granted him additional time to do so. ECF 8. Mr. Singleton was cautioned if he did not respond by the deadline, the court could rule without a traverse. *Id.* The deadline has long since passed, and it is time to rule on his habeas corpus petition.

First, Mr. Singleton argues he was not provided with 24-hour notice of the charge before the hearing was held. *Wolff v. McDonnell*, 418 U.S. 539 (1974), requires an inmate be given 24-hour advance written notice of the factual basis of the charge against him. Here, Mr. Singleton was given notice of the charge on March 28, 2018, at 8:10 a.m. ECF 7-4. His hearing was conducted the next day, March 29, 2018, shortly after 11:00 a.m. Thus, Mr. Singleton had more than 26-hour notice of the charge prior to his hearing, so his first ground is not a basis for habeas corpus relief.

Second, Mr. Singleton argues he was denied the right to appeal the finding of guilt to the Final Reviewing Authority. *Wolff* delineates the due process rights that must be afforded to inmates before

prison officials can extend the duration of their confinement, but the right to an appeal is not among those rights. The rules of the Indiana Department of Correction provide for the right to appeal. *See* Disciplinary Code for Adult Offenders, Policy 02-04-101, Section X.[1] However, violations of prison rules are not a basis for federal habeas corpus relief. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Therefore, this second ground is not a basis for habeas corpus relief.

If Mr. Singleton wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith. Nevertheless, if Mr. Singleton files a notice of appeal, he may ask the United States Court of Appeals for leave to proceed *in forma pauperis* by filing a motion with that court along with a copy of this order demonstrating that he has already been denied leave to proceed *in forma pauperis* by this court.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment; and

(3) DENIES Gary E. Singleton leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

November 26, 2019                                  *s/ Damon R. Leichty*
                                                   Judge, United States District Court

---

[1] *See* https://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf.